Submitted July 1, 2016, affirmed February 1, 2017

ROBERT DALE ALEXANDER,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV140259; A158514

390 P3d 1109

Robert Alexander filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

**DEHOOG, J.**

Plaintiff is an inmate serving a life sentence at the Two Rivers Correctional Institution (TRCI), operated by the Oregon Department of Corrections (ODOC). While waiting in line to receive medication, plaintiff slipped and fell on water spilled by another inmate and injured his back. Acting on his own behalf, plaintiff sued the state, alleging both general negligence and premises liability, and asserting that ODOC had failed to maintain a safe environment at TRCI. After the trial court had heard the parties' cross-motions for summary judgment, the court granted defendant's motion, denied plaintiff's motion, and dismissed his claim with prejudice. On appeal, plaintiff assigns error to each of those rulings, as well as to the court's denial of his motion to amend the complaint in response to defendant's summary judgment motion. For the reasons discussed below, we conclude that the trial court did not err in granting defendant's motion for summary judgment and denying plaintiff's motion to amend his complaint. That conclusion renders it unnecessary to consider whether the court erred in denying plaintiff's cross-motion for summary judgment.[1] Accordingly, we affirm.

We begin with the underlying facts. On review of cross-motions for summary judgment, "we review the record for each motion in the light most favorable to the party opposing it to determine whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Adair Homes, Inc. v. Dunn Carney*, 262 Or App 273, 276, 325 P3d 49 (2014). Here, however, because we are considering only defendant's summary judgment motion, we view the facts only in the light most favorable to plaintiff, the nonmoving party as to that motion. *See id.*

We state the pertinent facts with that standard in mind. Plaintiff is an inmate at TRCI, where he is serving a

---

[1] Plaintiff moved for summary judgment only on the issue of liability, and the state did not separately contest that aspect of his argument. However, because we conclude that the court did not err in dismissing plaintiff's claim in its entirety, it is not necessary to consider whether plaintiff was entitled to prevail on the liability issue as a matter of law.

life sentence without the possibility of parole. One morning, while waiting in line to receive medication, plaintiff slipped on water spilled by another inmate, Barza. Barza suffered from a condition that made it difficult for him to drink water from a standard cup, so ODOC allowed him to bring a special cup to the medication line to use in taking his medications. ODOC personnel were aware that Barza regularly spilled water from that cup. After slipping on water that Barza had spilled, plaintiff fell to the concrete floor and injured his back. Immediately after his fall, plaintiff was lifted into a wheelchair and taken to the prison infirmary, where he spent seven days. As a result of his back injury, plaintiff required the use of a cane for support when walking and standing, and could walk only tentatively even with a cane.

Plaintiff subsequently filed a complaint alleging that he had suffered both economic and noneconomic damages due to ODOC's failure to keep its premises safe. In relevant part, plaintiff alleged that he had been "injured, placed in the infirmary, and missed approximately four days of work." Plaintiff's alleged noneconomic damages included severe pain and back spasms accompanied by emotional distress. Plaintiff further alleged that, although he had been next in line for a unit barber position, he had "had to refuse [that job] because of his inability to remain standing for long periods of time, limited mobility, and reliance on a cane for support when walking or standing." The complaint alleged that defendant's acts or omissions had caused, or would cause, plaintiff to incur noneconomic damages in the amount of $25,000.00, as well as unspecified economic damages of not more than $5,000.00, and not more than $10,000.00 in loss of future wages.

The parties filed cross-motions for summary judgment. In its motion, defendant argued that plaintiff could not establish that he had suffered or would suffer economic damages. That, in defendant's view, was fatal to plaintiff's claim in light of ORS 30.650.[2] Plaintiff responded to

---

[2] ORS 30.650 provides that "[n]on-economic damages as defined in ORS 31.710 may not be awarded to an inmate in an action against a public body unless the inmate has established that the inmate suffered economic damages, as defined in ORS 31.710."

defendant's motion by requesting leave to amend the complaint by changing the amount of economic damages set forth in the prayer. The trial court deferred ruling on plaintiff's motion to amend and proceeded to hear the parties' cross-motions. After denying plaintiff's motion for summary judgment and taking his motion to amend and defendant's summary judgment motion under advisement, the court issued a letter opinion stating, in relevant part:

> "The court finds the law and reasoning cited by defendant persuasive, and for the reasons set forth in defendant's [m]emorandum in [s]upport of its cross-motion, grants the defendant's motion for summary judgment. Therefore, plaintiff's motion to amend his complaint is denied, and the court has entered an order denying the amendment."

Plaintiff's third assignment of error asserts that the trial court erred in granting defendant's motion for summary judgment. Plaintiff argues rather summarily that there were material facts in dispute that precluded summary judgment for defendant. In his brief, plaintiff presents an *argument* that he had a job "per *** ORS 423.020(1)(e) and was receiving wages," but he does not identify where in the summary judgment record there is evidence to support that contention.

In response, defendant reprises the arguments it made to the trial court. Defendant's summary judgment motion contended as follows:

> "There is no genuine issue of material fact as to whether [p]laintiff suffered any economic damages as a result of the injuries he alleges to have sustained in the incident alleged in his complaint. Pursuant to ORS 30.650, [p]laintiff is not entitled to non-economic damages. Defendant is therefore entitled to summary judgment on [p]laintiff's claims because he is not entitled to any economic damages."

As before the trial court, defendant's argument on appeal is rooted in ORS 30.650, under which noneconomic damages "may not be awarded to an inmate in an action against a public body unless the inmate has established that the inmate

suffered economic damages, as defined in ORS 31.710."[3] In turn, that statute defines "noneconomic damages" as

> "subjective, nonmonetary losses, including but not limited to pain, mental suffering, emotional distress, humiliation, injury to reputation, loss of care, comfort, companionship and society, loss of consortium, inconvenience and interference with normal and usual activities apart from gainful employment."

ORS 31.710(2)(b). The adjoining provision defines "economic damages," in relevant part, as

> "objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, * * * loss of income and past and future impairment of earning capacity."

ORS 31.710(2)(a).

Defendant argues that, collectively, those provisions bar plaintiff's damages claims completely. Because, under ORS 30.650, plaintiff can recover his noneconomic damages only if he first establishes economic damages— which, according to defendant, plaintiff cannot do—he has no right to *any* damages, and, in defendant's view, plaintiff's tort claim must therefore fail. Accordingly, defendant argues that the trial court did not err in granting its summary judgment motion on that basis.

For his part, plaintiff does not appear to dispute that, under ORS 30.650, proof of economic damages is a necessary predicate to the recovery of noneconomic damages. But, as noted, he contends that he has raised a genuine issue of fact as to economic damages. We focus, then, on defendant's argument that plaintiff has not done so.

---

[3] ORS 30.650 was enacted in 1999 as part of the Prisoner Litigation Reform Act, which "provides disincentives to the filing of frivolous lawsuits by prisoners." Testimony, House Civil Judiciary Committee, HB 2256, Feb 15, 1999, Ex C (statement of David Schuman, Deputy Attorney General). The legislature adopted the definition of "frivolous" from *Westfall v. Rust International*, 314 Or 553, 559, 840 P2d 700 (1992), which provides that a lawsuit is frivolous if it is not supported by any reasonable argument, not grounded in fact, and not warranted by existing law or a reasonable extension thereof. *Id.*

As we understand defendant's arguments to the trial court and on appeal, its contention that plaintiff has not raised a genuine issue of fact regarding his economic damages is twofold. First, defendant contends that inmates, as a matter of law, cannot recover economic damages for lost income because, under Article I, section 41(3), of the Oregon Constitution, they do not have a legally enforceable right to compensation for the work they do while incarcerated.[4] Second, defendant argues that plaintiff has failed to produce sufficient evidence to raise a triable issue of fact regarding his allegedly lost income. Because we agree with defendant's second point—that the summary judgment record in this case does not raise a genuine issue of fact regarding plaintiff's alleged economic damages—it is not necessary for us to consider defendant's first proposition, that no inmate of an Oregon correctional facility has a recoverable right to compensation for his or her labor on behalf of the state.[5]

Turning to the record, plaintiff submitted several declarations in support of his own motion for summary judgment. In plaintiff's view, the record as a whole raises a triable issue regarding his entitlement to economic damages, because he can "objectively verify" that he suffered monetary loss as a result of defendant's negligence. Defendant counters that no affidavit, declaration, or supporting document submitted by plaintiff provides evidence of economic damages.[6] Defendant contends that, because plaintiff is the party with the burden of proving those damages at trial, ORCP 47 C required him to ensure that there was evidence

---

[4] Article I, section 41(3), states, in relevant part, that "no inmate has a legally enforceable right to a job or to otherwise participate in work, on-the-job training or educational programs or to compensation for work or labor performed while an inmate of any state, county or city corrections facility or institution."

[5] We note that, although the focus of defendant's summary judgment motion was whether, as a matter of law, plaintiff had sufficiently pleaded economic damages, defendant's motion also put at issue plaintiff's ability to produce evidence of any such damages. Accordingly, both the sufficiency of the complaint and plaintiff's ability to prove economic damages were issues properly before the trial court on summary judgment. *See Eklof v. Steward*, 360 Or 717, 730-32, 385 P3d 1074 (2016) (in summary judgment proceedings, the trial court's consideration is limited to issues "raised in the motion" for summary judgment).

[6] Defendant does not contend that the trial court could not consider whether plaintiff's submissions in support of his own summary judgment motion raised fact issues as to defendant's motion.

to support those claims in the summary judgment record, but he failed to do so.

Defendant acknowledges that, under ODOC's administrative rules, inmates may earn monthly "performance points" resulting in monetary "performance awards" as part of ODOC's Performance Recognition and Award System (PRAS). *See* OAR 291-077-0010 - 291-077-0030. Defendant asserts, however, that plaintiff failed to produce any evidence that the work that he had missed had been a "qualifying work assignment" under PRAS or that he was otherwise eligible for performance points or a monetary award under ODOC's rules. *See id.* Defendant further contends that plaintiff did not produce any evidence of his past work experience, such as "his vocation, work schedules, or wages," or any other evidence to support his contention that he would have worked as a unit barber in the future had it not been for defendant's alleged shortcomings. Thus, defendant argues, plaintiff failed to produce sufficient evidence to raise a question of fact regarding his right to economic damages, and his action is therefore not cognizable under ORS 30.650. *See Voth v. State of Oregon,* 190 Or App 154, 156, 78 P3d 565 (2003), *rev den,* 336 Or 377 (2004) (affirming the dismissal of an inmate's negligence claim in the absence of proof of economic damages).

Defendant is correct that, on a motion for summary judgment, "the adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial." ORCP 47 C; *Eklof v. Steward,* 360 Or 717, 729, 385 P3d 1074 (2016). Further, plaintiff, as the adverse party here,

"may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits, declarations, or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial."

ORCP 47 D.

In this case, to raise a question of fact regarding the economic damages that plaintiff allegedly suffered in the form of lost earnings, he was required to produce "some quantum of evidence that would allow the jury to find that

certain events probably would have occurred, or that certain conditions probably would have existed, had it not been for defendant's wrongful conduct." *Tadsen v. Praegitzer Industries, Inc.*, 324 Or 465, 472, 928 P2d 980 (1996). When economic damages are sought for lost earnings, a party must establish with "reasonable certainty" both "the existence and the amount of net income loss." *Wooton v. Viking Distributing Co., Inc.*, 136 Or App 58, 66-67, 899 P2d 1219 (1995), *rev den*, 322 Or 613 (1996).

Here, plaintiff *alleged* in the complaint that he had suffered economic damages in the form of lost past and future compensation; he did not, however, produce any *evidence* of his economic damages. Instead, he relied solely on the allegations of the complaint and, as discussed below, his proposed amendments to that complaint. As we have explained, those allegations were insufficient to satisfy plaintiff's burden under ORCP 47 C. The summary judgment record in this case is devoid of evidence regarding plaintiff's work history, earnings, or prospects for future employment. A complete lack of evidence is not evidence of "objectively verifiable monetary losses" from which a reasonable juror could find that defendant's allegedly tortious conduct caused plaintiff to lose income. Consequently, plaintiff failed to establish that there was a genuine issue of fact as to economic damages. Because, as plaintiff concedes, ORS 30.650 renders economic damages an essential component of his claim, the trial court did not err in granting defendant's motion for summary judgment.

We turn to plaintiff's second assignment of error, in which he contends that the trial court erred in denying his motion to amend the complaint to address the issues that defendant had raised in its summary judgment motion. Plaintiff's proposed solution was to amend the prayer so that, rather than seeking $5,000.00 in unspecified economic damages, he would specifically assert $3.80 in economic damages, representing four days of missed work. At the hearing on plaintiff's motion, defendant argued that plaintiff's proposed amendment to the *allegations* would do nothing to cure the lack of *evidence* regarding economic damages, and, from the brief explanation in the letter opinion quoted above, it appears that the trial court agreed.

Under ORCP 23 A, a party may amend a complaint after a responsive pleading has been served with leave of the court, which "shall be freely given when justice so requires." We review a trial court's ruling on a motion for leave to file an amended complaint for abuse of discretion. *Mitchell v. The Timbers*, 163 Or App 312, 317, 987 P2d 1236 (1999). In applying that standard, we uphold the trial court's decision unless it exercises its discretion in a manner that is unjustified by, and clearly against, reason and evidence. *Quillen v. Roseburg Forest Products, Inc.*, 159 Or App 6, 10, 976 P2d 91 (1999). In evaluating whether the trial court abused its discretion, we consider the following four factors: (1) the proposed amendment's nature and its relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendment; and (4) the colorable merit of the proposed amendment. *Safeport, Inc. v. Equipment Roundup & Mfg.*, 184 Or App 690, 699, 60 P3d 1076 (2002), *rev den*, 333 Or 255 (2003).

As to the first factor, trial courts have "ample discretionary authority to allow amendments, provided the proffered amendment does not substantially change the cause of action or inject an entire new element of damage." *Cutsforth v. Kinzua Corp.*, 267 Or 423, 433-34, 517 P2d 640 (1973) (internal citation omitted). In this case, plaintiff sought to reduce his economic damages from $5,000.00 in unspecified damages to $3.80 for four days of missed work. Plaintiff's original complaint alleged, in part, lost compensation for missed work; the allegation of $3.80 in lost wages merely added specificity to that part of his economic damages claim. As a result, the proposed amendment would not have added a new element of damages or substantially altered plaintiff's cause of action.

Turning to the remaining factors, defendant did not argue to the trial court, nor does it argue on appeal, that it was prejudiced in any way by plaintiff's motion to amend the complaint. Thus, the second factor has no bearing here. Instead, defendant focuses its arguments on the third and fourth factors—the timing of plaintiff's motion and the colorable merit of plaintiff's proposed amendment. In defendant's view, "given the posture of the case at the time plaintiff moved to amend his complaint, the proposed amendment

would not have cured the evidentiary deficiencies regarding plaintiff's claims for economic damages." We agree with defendant. Plaintiff's proposed amendment would have given the complaint greater detail as to his alleged economic damages, but the complaint's lack of specificity was not the basis of defendant's motion for summary judgment. Had the trial court allowed the proposed amendment, plaintiff would still have had only the allegations of the complaint to support his economic damages claims. As we have explained, the "mere allegations" of a pleading are insufficient to raise a genuine issue of fact. ORCP 47 D. Accordingly, plaintiff's tort claim would have lacked merit even if the trial court had allowed his proposed amendment. The trial court did not err in denying that futile change.

In light of plaintiff's undisputed burden under ORS 30.650 of establishing economic damages as part of his tort claim against the state, as well as the corresponding lack of evidence in the summary judgment record to support an economic damages claim, the trial court did not err in granting defendant's motion for summary judgment. Further, because the proposed amendment to the complaint would not have cured that deficiency, the trial court did not err in denying plaintiff's motion to amend and dismissing his claim with prejudice.

Affirmed.