No. 754          October 23, 2024          623

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Reza HAJIANBARZI,
as Trustee for Ashland Hills Trust,
*Plaintiff-Appellant,*
*and*

GREAT AMERICAN RANCH, LLC,
*Plaintiff,*

*v.*

Jeremy OPATCHEN
and Janise Opatchen,
*Defendants-Respondents.*
Jackson County Circuit Court
19CV54672; A179695

Charles G. Kochlacs, Judge.

Submitted September 12, 2024.

Max C. Whittington, Esq., and Cauble & Whittington, LLP, filed the brief for appellant.

Sean P. Tipton and Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern, P.C., filed the brief for respondent Jeremy O'Patchen.

Janet M. Schroer and Hart Wagner, LLP, filed the brief for respondent Janise O'Patchen.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Plaintiff hemp farm operators—Reza Hajianbarzi, Ashland Hills Trust, and Great American Farm, LLC—brought this civil action against defendants (and neighbors) Jeremy and Janise O'Patchen after Jeremy jumped over a fence dividing their properties and shot one of plaintiffs' workers in the arm. As a result of Jeremy's actions, plaintiffs brought three claims relevant on appeal: intentional interference of economic relations (IIER); a trespass; and negligence. The trial court granted defendants' motion for directed verdict on all the claims. On appeal, plaintiffs assign six errors. For the reasons discussed below, we affirm.

Plaintiffs' first and second assignments of error relate to the trial court's granting of defendants' motion for a directed verdict on the IIER claim, made on the grounds that plaintiffs did not present sufficient evidence to establish the elements of intent or damages. We begin by addressing the damages element, plaintiffs' second assignment of error, because it is dispositive.

We review the trial court's denial of defendants' motion for directed verdict for legal error and consider "the evidence in the light most favorable to the nonmoving party—as well as all reasonable inferences that may be drawn from that evidence—to determine if the moving party was entitled to prevail as a matter of law." *Weiner v. Int. Animal Semen Bank, LLC*, 330 Or App 273, 275, 543 P3d 697 (2024).

In order to recover lost profits as damages—plaintiffs' only damages theory—a plaintiff "must establish with reasonable certainty the existence and amount of lost profits." *Summa Real Estate Group, Inc. v. Horst*, 303 Or App 415, 422, 464 P3d 483 (2020) (internal quotations omitted); *Cider Riot, LLC v. Patriot Prayer USA, LLC*, 330 Or App 354, 384, 544 P3d 363 (2024) (damages is an element of IIER).

On appeal, plaintiffs argue—as they did below—that they do not need to provide evidence of expenses, because all expenses had already been paid at the time of the shooting; thus, the gross revenue is the same as the lost profit. That assertion, however, is inconsistent with how net

lost profits are calculated—by deducting expenses from revenue. *See, e.g., Weiner*, 330 Or App at 276 (explaining that plaintiff did not establish net lost profits with reasonable certainty because plaintiff's "total lost revenue did not take into account any of his expenses to arrive at a net [lost profit] amount").

And plaintiffs did not put forth evidence of their unpaid harvest production expenses. At trial, Hajianbarzi testified that he rented equipment or bought materials for his harvest and that he employed seasonal workers. However, the record is devoid of evidence as to the costs of those items, rendering any calculation of net lost profits speculative. *See id.* at 282 (concluding that "plaintiffs' evidence was ambiguous as to their expenses incurred during their breeding operation, leaving the jury to impermissibly speculate about the amount of net lost profits"); *see also Cruz Development, Inc. v. Yamalova*, 174 Or App 494, 499, 26 P3d 174 (2001) ("There is no evidence from which a jury could calculate defendant's lost net profits without engaging in pure speculation."); *cf. Summa Real Estate Group, Inc.*, 303 Or App at 421 (concluding that "[b]ecause there was at least one damages theory on which there was a disputed factual issue for the factfinder to decide, the trial court did not err in denying the motion for directed verdict"). Accordingly, the trial court did not err in granting defendants' motion for directed verdict on the IIER claim. Our conclusion obviates the need to address the intent element of IIER raised by plaintiffs' first assignment of error.

In their third assignment of error, plaintiffs contend that the court abused its discretion in denying their motion to amend their complaint to add Hajianbarzi as plaintiff. Reviewing for an abuse of discretion, *Sandford v. Hampton Resources, Inc.*, 298 Or App 555, 576-77, 447 P3d 1192, *rev den*, 366 Or 64 (2019), we conclude that the court did not err.

A month before the trial was set to begin, and nearly three years after the initial complaint was filed, plaintiffs moved to amend their complaint to add plaintiff Hajianbarzi—the real party in interest—because he held the license to farm hemp. The trial court denied that motion

because of the age of the case, as well as the fact that the trial date had already been delayed on the eve of trial due to a discovery violation by plaintiff. However, on the third day of trial, the trial court *sua sponte* reconsidered and reversed its prior determination and allowed Hajianbarzi to be added as a plaintiff.

On appeal, plaintiffs contend that the court abused its discretion and "materially prejudiced" plaintiffs by not allowing plaintiffs to add Hajianbarzi sooner. In evaluating the trial court's exercise of its discretion, we consider "(1) the proposed amendment's nature and its relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendment[.]" *Id.*

The trial court did not abuse its discretion, because all three considerations weigh in favor of defendants. In light of defendants' theory at trial—that plaintiffs were not the real party in interest—adding an additional party would have "substantially altered the case" and potentially prejudiced defendants. *Sanford*, 298 Or App at 577; *see Humbird v. McClendon*, 281 Or 83, 86-87, 573 P2d 1240 (1978) (explaining that it is not an abuse of discretion to deny a motion to amend "where * * * the proffered amendment totally change[s] the defendants' theory of the case and counsel offer[s] no reasonable justification for the delay in filing a proper pleading"). Moreover, the timing of the amendment—after the case had been pending for nearly three years and one month before the trial was set to take place—weighed heavily against allowing it. *See Sanford*, 298 Or App at 577 (determining that the court did not abuse its discretion, in part, "because the case had been pending for nearly five years and, in light of the impending trial date, which had been reset more than once"). Because the trial court's exercise of discretion was not "clearly against reason and evidence," we reject plaintiffs' third assignment of error. *Alexander v. State of Oregon*, 283 Or App 582, 590, 390 P3d 1109 (2017).

In their fourth assignment of error, plaintiffs contend that the court erred in five pretrial evidentiary rulings. Because those evidentiary rulings do not relate to the element of damages, which the court correctly relied on to

dismiss the case, we do not address them. *See* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party."); *Doe v. First Christian Church of the Dalles,* 328 Or App 283, 290, 537 P3d 954 (2023) (explaining that "[d]espite the court's error here, we cannot reverse the judgment unless the party seeking reversal can show that the evidentiary error substantially affected the party's rights.").

In their fifth assignment of error, plaintiffs contend that trial court erred in dismissing plaintiffs' trespass claim, because that claim "can be tried by jury *** with only nominal" damages. Although plaintiffs are correct that nominal damages can be pled to advance a trespass claim, they did not plead nominal damages in their complaint. Rather, they pled the same damages as in the IIER claim— lost profits. Because a "plaintiff cannot be awarded damages based on an unpleaded theory," *Neikes v. Ticor Title Co. of Oregon*, 291 Or App 720, 727, 423 P3d 102 (2018), we reject plaintiffs' fifth assignment of error.

In their last assignment of error, plaintiffs contend (and defendants correctly concede) that the trial court erred by refusing to allow plaintiffs to strike a juror pursuant to ORCP 57 D(3).[1] Any error, however, is harmless, because the case was never submitted to the jury. *See* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party.").

Affirmed.

---

[1]  ORCP 57D(3), in relevant part, provides that a "plaintiff may challenge one [juror] and the defendant may challenge one, and so alternating until the peremptory challenges are exhausted."