736 June 17, 2026 No. 560

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Thomas MATTESON,
*Plaintiff-Appellant,*

*v.*

LEAFFILTER NORTH, LLC,
a foreign limited liability company;
Lumber Installation Group, LLC,
a domestic limited liability company;
Jason Lumber, individually and as
the single member of Lumber Installation Group, LLC,
*Defendants,*

*and*

Sally BLOOMSTROM,
individually; and Zack Hickman, individually,
*Defendants-Respondents.*

Washington County Circuit Court
23CV27227; A183261

Theodore E. Sims, Judge.

Submitted February 18, 2025.

Thomas Matteson filed the briefs *pro se.*

Melanie E. Rose, Duncan J. Campbell, and Smith Freed Eberhard, P.C., filed the brief for respondents.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

ORTEGA, P. J.

Affirmed.

_____
  * O'Connor, Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Plaintiff, proceeding *pro se*, brought suit against defendants LeafFilter North, LLC, Lumber Installation Group, LLC, Jason Lumber, Zack Hickman, and Sally Bloomstrom, seeking declaratory relief, injunctive relief, and monetary damages following a dispute that arose relating to his work installing LeafFilter products. As relevant here, plaintiff alleged statutory claims against Hickman and Bloomstrom based on ORS chapters 652 (the wage claims) and ORS chapter 658 (the licensing claims), as well as declaratory and injunctive claims based on those statutes. Defendants Hickman and Bloomstrom moved to dismiss under ORCP 21. Following a hearing, the trial court dismissed the wage claims against both named defendants and the licensing claims against Hickman with prejudice. Plaintiff appeals from the limited judgment of dismissal. We conclude the trial court did not err in dismissing the wage and licensing claims against the individual defendants on the pleadings and affirm.[1]

Plaintiff challenges the trial court's dismissal of the wage and licensing claims against Hickman and Bloomstrom in their individual capacity. We review for legal error the trial court's grant of a motion to dismiss a claim, accepting as true the allegations in the complaint along with any reasonable inferences that can be drawn from those allegations, viewing them in the light most favorable to the nonmoving party, in this case, plaintiff. *Hernandez v. Catholic Health Initiatives*, 311 Or App 70, 72, 490 P3d 166 (2021).

*Wage claims.* Plaintiff alleged multiple claims for relief against Hickman and Bloomstrom based on ORS chapter 652, including failure to properly itemize statements, ORS 652.610, and failure to pay wages, ORS 652.140. As relevant here, a "wage claim" is "an employee's claim against an employer for compensation for the employee's own personal services[.]" ORS 652.320(7). An "employee" is "any individual who *** renders personal services wholly

---

[1] In *Matteson v. LeafFilter North, LLC*, 350 Or App 744 (2026) (nonprecedential memorandum opinion), also issuing today, we affirm the trial court's dismissal of plaintiff's remaining claims on summary judgment.

or partly in this state to an employer who pays or agrees to pay such individual at a fixed rate[.]" ORS 652.310(2) (defining "employee"); ORS 652.310(1) (defining "employer" as "any person who in this state, directly or through an agent, engages personal services of one or more employees").

Plaintiff's claims were based on factual allegations that Bloomstrom was employed as a recruiter by LeafFilter, and in that capacity, recruited plaintiff to install LeafFilter products and assisted in processing his hiring paperwork. Plaintiff alleged that Hickman was employed as an installation manager for LeafFilter, and in that capacity, communicated with plaintiff to assign, organize, and supervise his work. However, the complaint did not allege facts sufficient to show that plaintiff was an employee of Hickman or Bloomstrom, entitling him to obtain relief against them under the statute. That is, neither Hickman nor Bloomstrom individually employed plaintiff, nor did either "pay or agree to pay [plaintiff] at a fixed rate." ORS 652.310(2). At the hearing, plaintiff confirmed that neither defendant individually paid him for services. As a result, the named individuals do not qualify as plaintiff's "employers" subject to liability for wage claims under ORS chapter 652; conversely, plaintiff does not qualify as an "employee" of those individuals eligible to bring a wage claim against them. The trial court did not err in dismissing the wage claims with prejudice.

*Licensing claims.* Plaintiff alleged multiple claims for relief against Hickman based on ORS chapter 658, which, as relevant here, governs licensing requirements for labor contractors. *See, e.g.*, ORS 658.410(1) (requiring a license in order to "act as a labor contractor"). Petitioner sought "to enjoin [Hickman] *** from acting as a labor contractor in violation of ORS 658.405 to 658.511," and sought damages under ORS 658.475.

A "construction labor contractor" is a person who "[f]or an agreed remuneration or rate of pay, recruits, solicits, supplies, or employs workers to perform labor for another in construction," ORS 658.405(2)(a)(A), or who does the same "on behalf of an employer engaged in construction," ORS 658.405(2)(a)(B). The trial court found that the complaint did not allege sufficient facts to prove that Hickman

"recruits, solicits, supplies, or employs" construction workers in his role as the installation manager for LeafFilter, as alleged in the complaint. The facts alleged in the complaint, when taken in the light most favorable to plaintiff, show that Hickman managed the work of construction workers who were employed by LeafFilter or LeafFilter's subcontractors by, among other things, providing work orders, communicating about the scope of the work, processing paperwork, and sending them to different jobsites. However, those allegations do not support an inference that Hickman found, recruited, or otherwise personally provided or personally employed construction workers to work for LeafFilter, or that he was paid for that type of work; therefore, it does not allege facts sufficient to prove that Hickman was required to be licensed under ORS 658.410. Plaintiff's related claims for declaratory and injunctive relief are predicated on a finding that Hickman was required to be licensed under ORS 658.410. Absent any allegations that would support that finding, the trial court did not err in dismissing those claims. Further, dismissal with prejudice was appropriate because Hickman's actions relating to plaintiff were performed entirely as part of his employment by LeafFilter, and as a result the complaint could not be amended to qualify him, as an individual, as a "construction labor contractor" within the meaning of ORS 658.405(2).

In his reply brief, plaintiff argues that the trial court either incorrectly dismissed or improperly prevented him from amending his complaint to assert the claim that Hickman was liable under ORS 658.465(1) for using the services of Bloomstrom or LeafFilter (or its parent company, Leaf Home, LLC) who, he asserts, are unlicensed labor contractors. That statute provides that "[a]ny person who knowingly uses the services of an unlicensed labor contractor shall be personally, jointly and severally liable with the person acting as a labor contractor to the same extent and in the same manner as provided in ORS 658.453(4)." Even assuming that those parties were unlicensed labor contractors, the complaint did not allege that Hickman used those parties to procure or recruit workers for his own construction projects such that he would be subject to individual

liability under that statute. The trial court did not err in dismissing the licensing claims against Hickman.

We have reviewed plaintiff's additional assignments of error, including but not limited to his claims that he was denied a procedurally fair and impartial hearing, and that he should have been permitted to amend his complaint, and conclude that they do not present a basis for reversal.

Affirmed.