744 June 17, 2026 No. 562

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Thomas MATTESON,
*Plaintiff-Appellant,*

*v.*

LEAFFILTER NORTH, LLC,
a foreign limited liability company,
and Sally Bloomstrom, individually,
*Defendants-Respondents,*

*and*

Zack HICKMAN,
individually;
Lumber Installation Group, LLC,
a domestic limited liability company;
and Jason Lumber,
individually and as the single member of
Lumber Installation Group, LLC,
*Defendants.*
Washington County Circuit Court
23CV27227; A184754

Andrew Erwin, Judge.

Submitted October 15, 2025.

Thomas Matteson filed the briefs *pro se*.

Melanie E. Rose, Duncan J. Campbell, and Smith Freed
Eberhard, PC, filed the brief for respondents.

Before Ortega, Presiding Judge, Joyce, Judge, and
Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff brought suit against defendants LeafFilter North, LLC, Lumber Installation Group, LLC, Jason Lumber, Zack Hickman, and Sally Bloomstrom, seeking declaratory relief, injunctive relief, and monetary damages, following a dispute that arose relating to his work installing LeafFilter products.[1] As relevant here, plaintiff alleged statutory claims against Bloomstrom and LeafFilter based on ORS chapters 652 and 653, (the wage claims) and ORS chapter 658 (the licensing claims), as well as declaratory and injunctive claims based on those statutes. The trial court granted defendants' motion for summary judgment under ORCP 47 and, following a hearing, dismissed plaintiff's claims. Plaintiff now appeals from the general judgment of dismissal, challenging the denial of his motion to amend the complaint and the grant of summary judgment to defendants, and raising other arguments about conduct of the proceedings. Having reviewed plaintiff's arguments on appeal, we conclude that the trial court's denial of plaintiff's motion to amend was within its allowable discretion, that it did not err in granting defendants' motion for summary judgment, and that there is no merit to any of plaintiff's other assignments of error. Therefore, we affirm.

*Motion to amend.* Plaintiff assigns error to the denial of his motion to amend the complaint. "We review a trial court's ruling on a motion for leave to file an amended complaint for abuse of discretion. In applying that standard, we uphold the trial court's decision unless it exercises its discretion in a manner that is unjustified by, and clearly against, reason and evidence." *Alexander v. State of Oregon*, 283 Or App 582, 590, 390 P3d 1109 (2017) (citations omitted). We consider the following factors in evaluating whether the trial court abused its discretion: "(1) the proposed amendment's nature and its relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing

---

[1] The claims against Lumber Installation Group, LLC, and Jason Lumber were voluntarily dismissed. The claims against Zack Hickman and the wage-related claims against Sally Bloomstrom were dismissed under ORCP 21 A, and we affirmed that dismissal in a nonprecedential memorandum opinion, also issuing today. *Matteson v. LeafFilter North, LLC*, 350 Or App 736 (2026) (nonprecedential memorandum opinion).

of the proposed amendment; and (4) the colorable merit of the proposed amendment." *Id.* (citation omitted).

Plaintiff's proposed amendments included, among other things, adding three defendants associated with LeafFilter's parent company and additional claims regarding those defendants, as well as unlawful employment discrimination claims under ORS chapter 659A. The trial court held a hearing and denied plaintiff's motion to amend the complaint, because plaintiff's proposed amendments were dependent on facts that were at issue in defendants' pending motion for summary judgment. As to the proposed amendment to include additional defendants and licensing claims, the trial court determined that if plaintiff is unable to establish that Bloomstrom or her employer received compensation for supplying labor—which was at issue on summary judgment—they would not qualify as a construction labor contractor for the purpose of the licensing claims regardless of which named entity employed Bloomstrom. As to the discrimination claims, those claims would be predicated on proof of an employer-employee relationship between the corporation and plaintiff—also at issue on summary judgment—and the claims appeared to be time-barred. On the basis of the record before it, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion to amend the complaint.

*Summary Judgment.* Plaintiff assigns error to the grant of summary judgment in favor of defendants. The moving party is entitled to summary judgment if "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. "No genuine issue as to a material fact exists if, based on the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C. We conclude that the trial court did not err in dismissing the wage claims and the licensing claims.

Plaintiff's wage claims against LeafFilter were based on ORS chapter 652, relating to payment and collection of

wages, and ORS chapter 653 as it relates to minimum wage. Both of those categories of claims are predicated on the existence of an employer-employee relationship. *See* ORS 652.320(7) (a "wage claim" is "an employee's claim against an employer for compensation for the employee's own personal services"); ORS 652.310(2) (an "employee" is "any individual who * * * renders personal services wholly or partly in this state to an employer who pays or agrees to pay such individual at a fixed rate"); ORS 653.055 (specifying that an "*employer* who pays an *employee* less than the wages to which the employee is entitled * * * is liable to the employee affected" (emphases added)).

Plaintiff therefore had the burden to produce admissible evidence that created a genuine issue of material fact regarding whether LeafFilter was plaintiff's employer. Plaintiff's pay stubs are in the record showing that plaintiff was paid by a subcontractor, and not by LeafFilter. In support of his claim, plaintiff points to text messages that show that there was a gap in time between the time he met with a LeafFilter representative, submitted employment forms, and participated in training, and his first day of work as an installer under the subcontractor who ultimately employed plaintiff and processed his pay. He also argues the contract between LeafFilter and its subcontractors is invalid, unenforceable, and a "ruse." Those arguments and the evidence plaintiff points to in support of those claims do not establish a genuine issue of material fact as to whether LeafFilter was plaintiff's employer. Having reviewed the pertinent portions of the record, we conclude that the trial court did not err in dismissing plaintiff's wage claims on the basis that there was no genuine issue of material fact regarding whether LeafFilter was plaintiff's employer.

Plaintiff challenges the trial court's determination that plaintiff's licensing claims were precluded on the basis that there were no genuine issues of material fact as to whether Bloomstrom and LeafFilter acted as construction labor contractors. In order to qualify as a construction labor contractor, a person must both engage in specified conduct—recruiting, soliciting, supplying or employing workers to perform construction labor for another person or entity—and

also do so at an "agreed remuneration or rate of pay." ORS 658.405(2). Having reviewed the pertinent parts of the record, the trial court did not err in determining that Bloomstrom and LeafFilter did not receive payment for providing plaintiff to another entity to perform construction work, and that there was no genuine issue of material fact on that issue. Plaintiff did not otherwise produce evidence showing that defendants engaged in qualifying activities under the statute. Absent any genuine issues of material fact that those defendants did not receive any "agreed remuneration" for supplying labor, the trial court did not err in dismissing the licensing claims. Plaintiff's related claims for declaratory and injunctive relief were predicated on the applicability of those statutes to defendants' activities; consequently, it was not error to dismiss those claims as well. Further, the trial court did not err in determining that LeafFilter's corporate structure—*i.e.*, that its parent company was Leaf Home, LLC, and that Bloomstrom may have been employed by the parent company—would not alter the analysis for the purpose of summary judgment absent any indication that Bloomstrom or the corporate entities were themselves paid by the subcontractors for the service of providing labor to them.

We have reviewed plaintiff's additional assignments of error, including (but not limited to) arguments that he was denied procedurally fair and impartial hearings, that he was subject to disparate treatment as a *pro se* plaintiff, and his assignments of error regarding proceedings prior to the dismissal, and conclude that they do not present a basis for reversal. Accordingly, we affirm.

Affirmed.